UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | **DEFENDANT DESHAWNTE WALLERS'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER** |
| v. | |
| DAQUAN DOWDELL, et al. | Case No. 5:18-CR-353 (FJS) |
| Defendants. | |

## INTRODUCTION

The Government seeks an order from the Court (1) prohibiting defense counsel's dissemination or disclosure of discovery material to anyone other than the Defendant and members of the defense team, (2) prohibiting all incarcerated defendants from maintaining physical copies of discovery which the Government has stamped as "Protected Materials," and (3) requiring that any portions of motions or applications referring to the "Protected Materials" be filed under seal. Defendant Deshawnte Waller, detained pending trial, opposes the Government's request for an Order restricting him from maintaining physical copies of discovery. The Government has failed to establish good cause for such a restriction, and furthermore, the restriction would interfere with Mr. Waller's ability to effectively participate in his defense, and deny him meaningful representation and assistance of counsel in violation of his 5th and 6th amendment rights to effective representation by counsel and due process of law.

## ARGUMENT

A Protective Order is appropriate only where the party seeking the Order has clearly

established good cause for the restriction on discovery. Fed R. Crim. P. 16(d)(1). Good cause requires a "particularized, specific showing." *United States v. Bulger*, 283 FRD 46, 52 (D. Mass. 2012) *citing United States v. Wecht*, 484 F.3d 194, 211 (3rd Cir. 2007). The finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements of potential harm. *Anderson v. Cryovac, Inc.* 805 F.2d 1, 7 (1st Cir. 1990). The burden is on the Government to establish that good cause exists. *United States v. Smith*, 985 F. Supp. 2d 506, 522 (S.D.N.Y.2013)

The Government completely fails to offer any particularized factual demonstration of potential harm, opting instead to present a generalized, attenuated claim of potential harm, which is nothing more than surmise, suspicion, and speculation which could be used in any criminal case involving any incarcerated Defendant. The Government clearly fails to meet its burden, fails to identify the specific materials that should be the subject of the Order, and most disturbingly, seeks a blanket grant of authority to unilaterally determine which material a Defendant should be allowed to examine, thus usurping the Court's role in regulating discovery.

The risk is not in giving Mr. Waller, or any of his incarcerated co- Defendants access to discovery materials. As co counsel has aptly stated, [t]he Government has no objection to defense counsel sharing all discovery materials during legal visits. The claimed risk is that *other* inmates housed in the same facility, who have no connection to this case, could potentially gain access to the discovery materials and these *other* inmate's access to the materials "would almost certainly place witnesses at risk." Docket No. 41. This line of reasoning is in no way specific to the instant case. To grant the Government's motion would be to support the conclusion that any incarcerated inmate's right to effectively participate in his or her own defense can be curtailed simply because of their exposure to the speculative

actions of strangers."

Not only is the restriction proposed by the Government unsupported by good cause, it would hinder the ability of Mr. Waller and his defense counsel to prepare and present his defense. In addition, the application of the Government creates a class of discriminated individuals, to effectively impair their exercise of their 5th and 6th amendment rights, solely because they are incarcerated before trial. Mr. Waller is incarcerated 25 miles from his counsel. He must defend against allegations of overt conduct dating back more than fifteen (15) years, in a RICO prosecution. Facility requirements at Cayuga requires that the consultation must suspend for meals, and shift changes. Mr. Wallere was earlier held at Broome County, which limits times for attorney visitation, including on weekends when counsel is most able to travel. As co-counsel has succinctly stated, [t]o limit the usefulness of these meetings by turning them into silent reading sessions" would deprive Mr. Waller of his right to prepare a defense, and unduly restrict his 5th and 6th amendment rights. In making a determination on whether to grant a Protective Order, the Court should weigh the impact the restriction might have on a Defendant's due process right to prepare and present a full defense. *United States v Lindh*, 198 F.Supp.2d 739, 742 (E.D.Va. 2002) and may not deprive the accused of the right to effective assistance of counsel to prepare for trial. *United States v. Weiner*, 578 F.2d 757 (9th Cir. 1978) The proposed restrictions that impair the preparation for trial violate due process and equal protection as a co-Defendant at liberty before trial, has no restriction as to the discovery.

The practical effect of the restrictions, proposed by the Government, would require countless days of travel, to remote jails, to sit across from the Defendant, as the Defendant reviews the material, thus precluding any meaningful discussion of the discovery for countless months, and therefore unduly frustrating pre-trial preparation.

The importance of pre-trial preparation has long been recognized as the very

foundation of due process of law and effective representation by counsel. In *Powell v. Alabama*, 278 U.S. 45, 57 (1932), it was stated, "during perhaps the most critical period of the proceedings...that is to say, from the time of their arraignment until the beginning of their trial, when consultation and thorough-going investigation and preparation [are] very important, the defendant's ...[are] as much entitled to such aid [of counsel] during that period as at the trial itself" Elaborating on this precedent, Justice Frankel opined, "At the heart of the job of thorough-going investigation and preparation is the interviewing of prospective witnesses, hostile as well as friendly." *In Re Terketoub*, 256 F. Supp 683 (S.D. N.Y. 1966)

## CONCLUSION

A restriction that prohibits Mr. Waller from maintaining physical copies of discovery violates due process , effective assistance of counsel and equal protection under the law. The Government has failed to establish "good cause" for the restriction and, its application should be, in all respects, denied. Before the Court makes any determination on an application that implicates such a constitutional violation, a due process hearing, or pre-trial conference should be conducted to determine what restrictions, if any, should be imposed.

Dated: November 13, 2018

          Respectfully submitted,
          S/
          STUART J. LaROSE
          Attorney for Defendant Deshawnte Waller
          Federal Roll Bar No. 507477
          Office and PO Address:
          247 West Fayette Street, Suite 315
          Syracuse, New York  13202-2200
          (315) 428-1000
          email: slesq@aol.com